In the Matter of the Application of RILEY P. SQUIRES for Construction, etc., of the Will of ALLEN P. SQUIRES, Deceased.

Surrogate's Court, Suffolk County, June 5, 1926.

Wills — construction — testator after devising homestead property on which store building stood to one son gave residue of property " of every kind except the store fixtures " to three other sons with right of sale in them — said fixtures consisting of shelving were built in, fitted and nailed in store building — fact that testator had already given building to son warrants finding he gave fixtures to son — fixtures may not be sold at public or private sale — executors have power of sale under will — son to whom testator gave homestead property does not share in distribution after sale unless residue exceeds $3,000 to each son — executors should file amended account.

In a proceeding for the construction of the will of a testator whose personal property was insufficient to meet his debts, store fixtures consisting of shelving and counters in decedent's place of business cannot be sold at public or private sale where said testator, after devising to one son the homestead property on which the store building containing said fixtures stood, gave to three other sons " all the rest, residue and remainder of my property of every kind except the store fixtures, which may be sold at public or private sale to my sons or any member of the family or they may divide them or hold them in common," since it appears that said fixtures were built in, fitted and nailed in the store building and for practical purposes were as much a part of the building as the building itself; the words " except the store fixtures " were merely an expression of intention on the part of the testator that he had previously disposed of the fixtures in giving the homestead property to his son.

The executors were given the power to sell under the aforementioned clause of the will and they still possess said power.

However, under another clause of said will wherein the testator directed that if, in the final disposition of his estate the residue given to the three sons shall exceed $3,000 to each of them, then the son to whom he had devised his homestead property should share equally with the other sons in the surplus over and above the $3,000, must be construed as requiring the conversion of the real estate into personal property and the distribution of the proceeds by the executors among the residuary legatees; if the residue be $9,000 or less, it all should be distributed to the three sons named or their heirs; if the total residue exceeds $9,000 then the surplus or excess is to be divided into four parts, one part to each of the four sons or their heirs.

The executors should file an amended account showing each of the parcels of real property still unsold.

Surrogate's Court, Suffolk County, June, 1926.    [Vol. 127

PROCEEDING for construction of will.

*Ritch & Ritch,* for the applicant.

*Robert P. Griffing,* for Joseph G. Squires.

PELLETREAU, S. Allen P. Squires died in 1914, leaving a will dated February 9, 1911. At the time of his death and of the making of his will he was of advanced years, and had conducted a general country store at Hampton Bays for many years. At the time of his death he owned approximately thirty separate pieces of real property, and the account filed shows him to have then possessed in personal property $4,576.24, and Schedule D of the account shows him to have owed $5,551.52. He, therefore, did not have personal property sufficient to meet his obligations. This fact must be taken into consideration in attempting to construe his will.

He provided a trust fund of $100 for the care of his cemetery plot; $500 to his son, Seymour L. Squires, who qualified as an executor, but died October 15, 1917; $2,000 each to his daughters, Mrs. Thurston and Mrs. Overton; $100 to a niece, Annie Cartwright; and devised to his son Alvin his homestead and three other plots of land, together with all outdoor movables, stock and household furniture. I note that, in the 6th paragraph of his will, the legacies of $2,000 each to his daughters, Mrs. Thurston and Mrs. Overton, were to be paid in part from proceeds from $3,000 life insurance, and the balance of $1,000 from his residuary estate.

The 8th and 9th clauses of the will read as follows:

"*Eighth.* I give to my sons Charles A. Squires, Seymour L. Squires and Riley P. Squires all the rest, residue and remainder of my property of every kind except the store fixtures, which may be sold at public or private sale to my sons or to any member of the family or they may divide them or hold them in common.

"*Ninth.* If in the final distribution of my estate the residue given to my three sons above named shall exceed three thousand dollars to each of them then my son Alvin F. Squires shall share equally with my other sons in the surplus over and above the three thousand to each of my said three sons."

When Allen P. Squires made his will he was advanced in years, and must have gone to a lawyer or someone to prepare his will, as it is not in the handwriting of the testator. An examination of the original will shows the scrivener, whoever he was, to have prepared it in a careless and clumsy manner.

To attempt to construe the will by recourse to correct rules of English or grammatical construction and punctuation would be futile where an examination of the original will itself clearly shows

Misc. 361]        Surrogate's Court, Suffolk County, June, 1926.

the scrivener who prepared the will to have had no knowledge of either.

The store fixtures, so called, consisting of shelving and counters in the place of business of the deceased, were built in, fitted and nailed. For practical purposes, they were as much a part of the building as the piazza in front of it. The building was built as a store building and always used as such. I mention this in view of the peculiar wording " except the store fixtures " which appears in the 8th paragraph of the will. The testator had already given the homestead property upon which the store stood to his son Alvin. I rather think those words are expressive of intention that the testator had before disposed of the fixtures in giving the store building itself to the son Alvin. It may be a clumsy conclusion, but the will is clumsily expressed.

Alvin was given all other chattels, both outdoors and indoors, and was given the store building. Why not the fixtures which were nailed to and built in it? Would the testator mean that the store fixtures should be sold at public or private sale? I think not. I think paragraph " Eighth " of the will should be construed to read as follows: " I give to my sons Charles A. Squires, Seymour L. Squires and Riley P. Squires all the rest, residue and remainder of my property of every kind, which may be sold at public or private sale to my sons, or to any member of the family, or they may divide them or hold them in common."

If the testator, under that clause, intended to give power of sale, and I think he did, that power went to the executors, and they still possess it.

When such sales are made, then the 9th paragraph of the will becomes of interest, to wit: " If, in the final distribution of my estate, the residue given to my three sons *above named* shall exceed three thousand dollars to each of them then my son Alvin F. Squires shall share equally with my said other sons in the surplus over and above the three thousand to each of my said three sons."

That means, in my opinion, that, if the residue be $9,000 or less, it all belongs to Charles A. Squires, the heirs of Seymour L. Squires, and Riley P. Squires, aforesaid. If the total residue exceed $9,000, then the surplus or excess is to be divided into four parts, one part to Charles A. Squires, one part to the heirs of Seymour L. Squires, one part to Riley P. Squires, and one part to Alvin F. Squires.

In short, the real estate is converted into personal property, the executors have full power and authority to sell it, and should sell it, and distribute the proceeds in the manner that I have construed the will to mean and as thereby directed.

The executors have rendered an account herein filed May 1,

1926, and a supplemental statement to such account verified May 20, 1926. Joseph G. F. Squires, a son of Samuel L. Squires, deceased, and a person in interest, has filed objections to such account and the said supplemental or amended account. The said objections are sustained, but only in so far as the account rendered may be inconsistent with the above construction of the will of Allen P. Squires, deceased.

The executors, therefore, are directed to amend their account accordingly; the amended account, however, should clearly show and enumerate each of the parcels of the real property still unsold and in the estate; and it is the desire of the court that the real property in the estate be sold speedily, as, in its opinion, such action is in the interest of all concerned, will obviate and remove questions affecting title thereto, and, when so sold, final account be rendered and the estate settled and closed.